IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC F. HADDIX,

        Plaintiff,

v.                                      Civil Action No. 5:06cv92
                                                            (STAMP)
MICHAEL J. ASTRUE,[1]
Commissioner of
Social Security,

        Defendant.


              **MEMORANDUM OPINION AND ORDER**
              **AFFIRMING AND ADOPTING REPORT AND**
              **RECOMMENDATION OF MAGISTRATE JUDGE**

                     I.  Procedural History

        The plaintiff, Eric F. Haddix, filed an action in this Court pursuant to 42 U.S.C. § 405(g) seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security. The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. Magistrate Judge Kaull considered the plaintiff's and the defendant's motions for summary judgment and submitted a report and recommendation. In his report, the magistrate judge recommended that the defendant's motion for

---

    [1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is automatically substituted as the defendant in this action.

summary judgment be denied and the plaintiff's motion for summary judgment or, in the alternative, for remand be granted in part by reversing the Commissioner's decision under sentence four of 42 U.S.C. §§ 405(g)[2] and 1383(c)(3),[3] with a remand of the cause of action to the Commissioner for further proceedings.

Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a _de novo_ review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the

---

[2] Sentence four of 42 U.S.C. §§ 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

[3] Title 42, United States Code, Section 1383(c)(3) provides: "The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."

2

recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

The plaintiff filed an application on June 20, 2004 for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles XVI and II, respectively, of the Social Security Act, 42 U.S.C. §§ 1381-1383f, 401-433. In the application, the plaintiff alleged disability since November 30, 2003, due to osteoarthritis in both knees.

The state agency denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing before Administrative Law Judge ("ALJ") Randall Moon was held on January 10, 2006. The plaintiff, represented by a non-attorney benefits representative, testified on his own behalf. Vocational Expert ("VE") John Panza and witness Jamie Pullen also testified at the hearing. On February 3, 2006, the ALJ issued a decision finding that the plaintiff was not disabled. The Appeals Council denied the plaintiff's request for review on May 19, 2006, rendering the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present action.

III. Applicable Law

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

IV. Discussion

In his motion for summary judgment, the plaintiff argues that: (A) the ALJ's conclusion that the plaintiff can return to his past relevant work as a telemarketer is not supported by substantial evidence and (B) this matter should be remanded to the Commissioner for consideration of new and material evidence, pursuant to the sixth sentence of 42 U.S.C. § 405(g). The Commissioner contends that the plaintiff's arguments are without merit and that the ALJ's decision in this case is supported by substantial evidence. The Commissioner also asserts that the plaintiff's newly submitted evidence does not support a remand of this case.

A.  <u>Residual Functional Capacity</u>

The plaintiff argues that the ALJ's conclusion that he can return to work as a telemarketer is not supported by substantial evidence. Specifically, the plaintiff contends that (1) the ALJ did not consider all of the plaintiff's medically determinable physical impairments; (2) the ALJ did not address the plaintiff's and his girlfriend's testimony regarding the plaintiff's nausea and fatigue due to his pain medications; and (3) the ALJ did not properly evaluate the plaintiff's mental impairment. This Court finds no clear error in the magistrate judge's finding that substantial evidence does not support the ALJ's residual functional capacity ("RFC") determination, his credibility determination, or his ultimate conclusion that the plaintiff was not disabled at any time through the date of his decision. The magistrate judge's finding as to each of the plaintiff's arguments is addressed in turn below.

1.  <u>Medically determinable impairments</u>

The plaintiff argues that the ALJ failed to include all of the plaintiff's physical limitations that rheumatologist Dr. Shelly Kafka identified in her treatment records. Specifically, the plaintiff contends that the ALJ did not consider Dr. Kafka's finding that the plaintiff had pain in joints other than his knees, including pain in his right shoulder and in his hands and feet.

5

The magistrate judge found that that ALJ did not take into consideration all of the plaintiff's medically determinable impairments, in particular his arm and hand impairments, and that substantial evidence does not support the RFC. This Court finds no clear error in the magistrate judge's finding on this point. The plaintiff had previously been diagnosed with bilateral carpel tunnel syndrome, but the effects of this diagnosis were not considered by the ALJ throughout his decision.

2. Side effects of medication

The plaintiff argues that the ALJ failed to address testimony regarding the side effects of the plaintiff's pain medications. The magistrate judge found that the ALJ did not consider all available evidence in making his credibility determination because he did not discuss the testimony that the plaintiff's pain medications made him nauseous and drowsy. The magistrate judge's finding on this matter is not clearly erroneous. Because the ALJ did not address the alleged side effects of the plaintiff's pain medications, he did not consider all of the available evidence as required by 20 C.F.R. §404.1529.

3. Mental Impairments

The plaintiff contends that the ALJ did not properly evaluate his mental impairment. The magistrate judge found that the technique for evaluating the severity of mental impairments in adults, as outlined in 20 C.F.R. § 404.1520a, was not followed at

6

the Initial Reconsideration, ALJ or Appeals Council levels. This Court finds no clear error in the magistrate judge's finding on this point. Because the plaintiff's medically-determinable anxiety and depression were not considered throughout the ALJ's decision, this matter should be remanded for consideration, pursuant to 20 C.F.R. § 404.1520a, of the plaintiff's mental impairments.

B.  New Evidence

This Court need not reach the merits of the plaintiff's argument regarding new evidence because the recommendation of the magistrate judge to remand this action to the Commissioner for other reasons is affirmed and adopted.

## V.  Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the defendant's motion for summary judgment be DENIED and that the plaintiff's motion for summary judgment or, in the alternative, remand be GRANTED IN PART, by reversing the Commissioner's decision under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), with a remand of the cause of action to the Commissioner for further proceedings consistent with this opinion and the report and recommendation of the magistrate judge. It is

7

further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   July 5, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE